Juan Ortiz Toro, Appellant, *v.* Registrar of Property of San Germán, Appellee.

No. 920. Submitted April 12. 1934.—Decided June 4, 1934.

E. López Acosta for appellant. The registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the court.

The appellant began a dominion title proceeding in the District Court of Mayagüez. It turned out, by investigation of the registrar, that no one appeared in the district court in opposition to the petition. Pending the proceeding, the appellant sought to invoke section 91 of the Code of Civil Procedure, as follows:

"In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action. containing the names of the parties, the object of the action or defense, and a description of the property affected thereby. From the time of filing such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency (of the action, and only of its pendency) against parties designated by their real names."

The registrar refused to enter the notice of *lis pendens* for the following reasons:

"A. Because a mere reading of section 91 of the Code of Civil Procedure shows that a party is entitled to the record of the notice of a complaint, in a case affecting the title or the right of possession of real property, if the plaintiff, at the time of filing the complaint, or the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer; and that it is at that time that

either of such parties may file for record with the registrar of the district in which the property is situated a notice of the pendency of the action, that is, a *lis pendens.*

"B. Because there is no legal doctrine nor jurisprudence entitling a person, by the mere fact of taking an. *ex parte* proceeding, like the one before the District Court of Mayagüez already referred to, to apply to the registrar of property for the record of notice of such proceeding wherein no controversial issue is being determined, because the record herein sought is tantamount to a mere notice that a person has filed in the court a proceeding of voluntary jurisdiction in justification of a dominion title or of possession of real property, and such record is absurd and has no legal effect, nor is it authorized by section 91 of the Code of Civil Procedure, because if it should happen that, during the prosecution thereof, such proceeding of voluntary jurisdiction became a controversial issue, it is incumbent then on the court to determine the rights of the parties in the matter in controversy.

"C. Because we are not dealing with either a revendicatory or a personal action in which an attachment is levied on real property requiring the record of notice of the complaint or *lis pendens,* which would amount to a public notice to third persons.

"D. Because the record in the said registry of notice of complaint filed in connection with the title to or right of possession of real property can not produce an effect other than considering the purchaser or mortgagee of the property sued on to have knowledge for all legal purposes of the action pending between the parties mentioned in the notice, and this is substantially tantamount to a cautionary notice of an action on ownership of real property or on real right referred to in section 42 of the Mortgage Law."

We think the registrar is right. Section 91 of the Code of Civil Procedure has no application to an *"expediente de dominio,"* at least, until some opposition arises.

Furthermore, one of the fundamental ideas of an application for a dominion title is a notice to all the previous owners and everybody interested, and the very purpose of section 91, where the suit is adversary, is accomplished by the nature itself of the dominion proceeding, with all its necessary notices to the district attorney and other persons.

The note should be affirmed.